```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
ELEONORA CIOBANU,

                        Plaintiff,

        -against-

STATE FARM FIRE AND CASUALTY              MEMORANDUM AND ORDER
COMPANY,                                     21-CV-288 (RPK) (RER)

                        Defendant.
----------------------------------------------------x
```

RACHEL P. KOVNER, United States District Judge:

Plaintiff Eleonora Ciobanu sued her insurer, State Farm Fire and Casualty Company ("State Farm"), in December 2020. She seeks compensation for damage to her home caused in January 2018 by a burst pipe. Ms. Ciobanu's insurance policy provides that any lawsuit against State Farm must be brought within two years of the event causing loss or damage. Because Ms. Ciobanu brought suit after that window had closed, her claims for breach of contract, breach of the covenant of good faith, and consequential losses are time-barred. Ms. Ciobanu has also failed to adequately plead any other claim. Accordingly, as explained below, her complaint is dismissed.

## BACKGROUND

The following facts come from the complaint and the insurance policy "integral" to it. *Mears v. Allstate Indem. Co.*, 336 F. Supp. 3d 141, 147 (E.D.N.Y. 2018). The allegations in the complaint are "accept[ed] as true" on a motion to dismiss. *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90 (2d Cir. 2021) (quoting *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020)).

Ms. Ciobanu owns a home in Forest Hills, New York. Compl. ¶ 4, Def.'s Ex. A (Dkt. #1-2) ("Compl." or "complaint"). On January 8, 2018, a pipe burst at the home, causing "a near total or total loss to the dwelling and all personal property." *Id*. ¶ 7.

To protect her property, Ms. Ciobanu had purchased an insurance policy from State Farm. *Id*. ¶ 5. The policy provides $2,816,930 in coverage. *Id*. ¶ 6. It also stipulates that "[n]o action shall be brought unless there has been compliance with the policy provisions and the action is started within two years after the occurrence causing loss or damage." Homeowners Policy 37, Decl. of Brian L. Bank Ex. B (Dkt. #10-2) ("Policy"). When the pipe burst, Ms. Ciobanu gave State Farm timely notice and proof of the loss. Compl. ¶ 9. She also alleges that she cooperated fully with State Farm's investigation and complied with the policy's provisions. *Id*. ¶ 10. Even so, State Farm has only paid $595,147.50 to date and refuses to pay more. *Id*. ¶¶ 6, 11, 14.

Because Ms. Ciobanu asserts that her losses exceed the amount that State Farm has paid, Ms. Ciobanu sued. In her complaint, Ms. Ciobanu brings "causes of action" for (i) breach of contract, *id*. at ¶¶ 12-16; (ii) "consequential losses," *id*. ¶¶ 17-18; (iii) breach of the covenant of good faith and fair dealing, *id*. at ¶¶ 19-29; (iv) a violation of New York General Business Law § 349, *id*. ¶¶ 30-37; (v) negligence, *id*. at ¶¶ 38-44; and (vi) gross negligence, *id*. at ¶¶ 45-49. She filed her lawsuit in Queens County Supreme Court some two years and eleven months after the pipe burst. *See id*. ¶ 7.

Having timely removed the lawsuit to federal court, *see* Notice of Removal ¶ 2 (Dkt. #1), State Farm now moves to dismiss the complaint and to preclude Ms. Ciobanu from recovering punitive damages or attorney's fees, Notice of Mot. to Dismiss (Dkt. #9). In response to State Farm's argument that her suit is time-barred, Ms. Ciobanu argues that principles of New York

contract law and the doctrine of equitable estoppel nevertheless permit her to bring her claims. Pl.'s Mem. in Opp'n 3-10 (Dkt. #12).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint based on "failure to state a claim upon which relief can be granted." To avoid dismissal on that basis, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8). The facial "plausibility standard is not akin to a 'probability requirement.'" *Ibid.* (quoting *Twombly*, 550 U.S. at 556). But it requires a plaintiff to allege sufficient facts to enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept all facts alleged in the complaint as true. *Ibid.* But it need not adopt "[t]hreadbare recitals of the elements of a cause of action" that are "supported by mere conclusory statements." *Ibid.*

Where, as here, a plaintiff seeks to invoke equitable estoppel, that claim must also satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Surgicore of Jersey City v. Empire HealthChoice Assurance, Inc.*, No. 19-CV-3485 (EK) (RML), 2021 WL 1092029, at *7 (E.D.N.Y. Mar. 22, 2021). Under Rule 9(b), a plaintiff must plead with "particularity" that the defendant knew that it made false statements and that it intended the plaintiff to rely on those false statements, *Surgicore of Jersey City*, 2021 WL 1092029, at *7 (citing Fed. R. Civ. P. 9(b)). A plaintiff may do so "through allegations of a motive to deceive and access to accurate information." *Aetna Cas. & Sur. Co. v. Aniero Concrete* Co., 404 F.3d 566, 579 (2d

3

Cir. 2005) (quoting *Cohen v. Koenig*, 25 F.3d 1168, 1173-74 (2d Cir. 1994)). These allegations must be backed by a showing of "facts giving rise to a strong inference of fraudulent intent." *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1057 (2d Cir. 1993) (quotations omitted). Additionally, a plaintiff must allege "the time, place, speaker and sometimes even the content of the alleged misrepresentation." *Ibid*. (quotations omitted).

## DISCUSSION

State Farm's motion to dismiss is granted. Ms. Ciobanu's claims for breach of contract, breach of covenant of good-faith, and "consequential losses" are time-barred. Her Section 349 claim is dismissed because Ms. Ciobanu does not plausibly allege that State Farm engaged in materially misleading conduct. And since Ms. Ciobanu's claims sound in contract, not tort, her negligence and gross-negligence claims are dismissed with prejudice. Because the complaint has been dismissed, I decline to rule on State Farm's request to preclude Ms. Ciobanu from recovering punitive damages or attorney's fees.

### I. The Policy's Two-Year Limitation on Suit Bars Ms. Ciobanu's Contract Claims

Because Ms. Ciobanu brought suit eleven months after the contractual limitations period expired, the Policy's limitations provision precludes breach-of-contract, "consequential losses," and breach-of-covenant-of-good-faith claims.

#### A. Contractual Limitations Provisions Under New York Law

Statutes of limitations promote an important "societal interest" by "'giving repose to human affairs.'" *John J. Kassner & Co. v. City of New York*, 46 N.Y.2d 544, 550 (1979) (quoting *Flanagan v Mt. Eden Gen. Hosp.*, 24 N.Y.2d 427, 429 (N.Y. 1969)). In New York, the statute of limitations sets six years as the outside limit for bringing a breach-of-contract claim. *See* N.Y. C.P.L.R. § 213. However, parties to a contract may "prescribe[]" "a shorter time . . . by written agreement," N.Y. C.P.L.R. § 201; *see John v. State Farm Mut. Auto. Ins. Co.*, 116 A.D.3d 1010,

1011 (N.Y. App. Div. 2014). A provision "specifying a shorter, but reasonable, period within which to commence an action is enforceable." *Exec. Plaza, LLC v. Peerless Ins. Co.*, 22 N.Y.3d 511, 518 (N.Y. 2014) (emphasis and quotations omitted). New York's courts have enforced "contractual limitations periods" as short as six months. *Id*. at 516. This rule applies to insurance policies. *Hirth v. Am. Ins. Co.*, No. 15-CV-3245 (GWG), 2016 WL 75420, at *4 (S.D.N.Y. Jan. 7, 2016) (citing *Gilbert Frank Corp. v. Fed. Ins. Co.*, 70 N.Y.2d 966 (N.Y. 1988)). Moreover, a contractual limitations period may apply to any claim arising under the contract, including the implied covenant of good faith and fair dealing, when it is drafted to do so. *See Barrie House Coffee Co. v. Teampac, LLC,* No. 13-CV-8230 (VB), 2016 WL 3645199, at *12 (S.D.N.Y. June 30, 2016) (citing *Smile Train, Inc. v. Ferris Consulting Corp.*, 117 A.D.3d 629, 630 (N.Y. App. Div. 2014)).

New York's courts have recognized two exceptions to the rule permitting parties to enforce contractual limitations periods. Where a condition precedent prevents a party from bringing suit to enforce a covered claim before the contractual limitations period has elapsed, the limitations period is deemed "unreasonable" and will not be enforced. *Exec. Plaza, LLC*, 22 N.Y.3d at 516. Moreover, under the doctrine of equitable estoppel, limitations periods may be disregarded. To invoke that doctrine, a plaintiff must show that it was "induced by [the defendant's] fraud, misrepresentations or deception to refrain from filing a timely action." *Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (N.Y. 2006) (quotations omitted). The plaintiff's reliance on the defendant's misrepresentations must be "reasonable." *Ibid*.

    B.    **The Policy's limitations provision applies to Ms. Ciobanu's first three claims.**

These rules preclude Ms. Ciobanu's contract-based claims. As the parties note, the Policy contains a limitations provision that bars suits brought more than two years after a loss's occurrence. Specifically, "[n]o action shall be brought unless . . . the action is started within two

5

years after the occurrence causing loss or damage." Policy 37. As courts interpreting comparable provisions have found, this language bars all contractual claims brought to enforce an insurance contract after the limitations period has expired. *See Maniello v. State Farm Fire & Cas. Co.*, No. 16-CV-1598 (NG) (LB), 2017 WL 496069, at *1 (E.D.N.Y. Feb. 6, 2017) (identical provision); *see also Franco Apparel Grp., Inc. v. Nat'l Liab. & Fire Ins. Co.*, 481 F. App'x 694, 695 (2d Cir. 2012) (similar language); *Sidik v. Royal Sovereign Int'l Inc.*, 348 F. Supp. 3d 206, 214 (E.D.N.Y. 2018) (similar language); *Corbett v. Firstline Sec., Inc.*, 687 F. Supp. 2d 124, 128 (E.D.N.Y. 2009) (similar language).

As contract claims, Ms. Ciobanu's first three "causes of action" are all subject to this limitation. The first claim, which alleges that State Farm has paid only a fraction of what it promised under the Policy, is a simple breach-of-contract claim. *See* Compl. ¶¶ 12-16. Her third cause of action, alleging a breach of the covenant of good faith and fair dealing implicit in insurance contracts, *id*. ¶¶ 19-29, also arises under the contract. *See Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y*, 769 F.3d 807, 817 (2d Cir. 2014) ("A breach of the covenant is considered a breach of the underlying contract."). And her second "cause of action," for "consequential losses," is not a cause of action at all, but rather a remedy available for the alleged breach of the covenant of good faith and fair dealing. *Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co. of New York*, 10 N.Y.3d 187, 194-95 (N.Y. 2008).

Ms. Ciobanu does not contend that these claims fall outside the limitations provision's scope. Rather, she argues that the provision should be disregarded, or, in the alternative, that it has not yet begun to run. *See* Pl.'s Mem. in Opp'n 3-11 (Dkt. #12). These arguments do not persuade.

First, Ms. Ciobanu argues that the Policy's limitations provision should be disregarded because the Policy contains a condition precedent to recovery. *Id*. at 3-9. To set aside a contractual limitations period based on a condition precedent, the plaintiff must identify a "condition precedent that made it impossible to bring suit within the time provided by the contract." *LINQ1 LLC v. 170 E. End Ave. Condominium*, No. 154594/2016, 2017 WL 6316304, at *1 (N.Y. Sup. Ct. Dec. 11, 2017) (citing *Exec. Plaza, LLC*, 22 N.Y.3d at 519)); *see Maniello*, 2017 WL 496069, at *3 ("Contractual statutes of limitations are enforceable unless the contract imposes a condition precedent on a suit that cannot be met within the limitations period.").

The impossibility of compliance may be apparent on the face of the contract, or it may result from bad-faith behavior of the counterparty. *See, e.g.*, *Baluk v. N.Y. Cent. Mut. Fire Ins. Co.*, 126 A.D.3d 1426, 1427 (N.Y. App. Div. 2015) (declining to enforce limitations provision where plaintiff successfully alleged that satisfying the condition precedent was not possible before the limitations period expired); *AWI Sec. & Investigators, Inc. v. Whitestone Constr. Corp.*, 164 A.D.3d 43, 48 (N.Y. App. Div. 2018) (disregarding a limitations provision when a defendant "explicitly rejected" a claim brought within the limitations period "as premature," leading the plaintiff to "rightfully" conclude that "filing a [timely] lawsuit" was "futile"); *D & S Restoration, Inc. v. Wenger Constr. Co.*, 160 A.D.3d 924, 925 (N.Y. App. Div. 2018) (disregarding a limitations provision when the defendant refused to fulfill the condition precedent until the limitation period had already run).

Ms. Ciobanu's impossibility argument relies on the Policy's Loss Settlement provision. *See* Pl.'s Mem. in Opp'n 8 (quoting the Personal Property Loss Settlement provision). The Loss Settlement provision specifies that State Farm will pay the estimated cost to repair or replace damaged property upfront. Policy 35-36. In addition, so long as repairs or replacement are

7

completed within two years of the loss, State Farm will pay any additional costs actually and necessarily incurred. *Ibid*. Because the limitations provision itself makes compliance with the Policy a condition for bringing suit, a policyholder may not sue to recover additional costs until she has repaired or replaced her property. Policy 37. And since it may be impossible to complete repairs or replacement until after the end of the limitations period, a claim for additional costs may not ripen until the time to sue has already expired. Pl.'s Mem. in Opp'n 8-9; *cf. Exec. Plaza, LLC*, 22 N.Y.3d at 518 (invalidating limitations provision where repair time delayed ripening of claim until after period for suit expired). Thus, Ms. Ciobanu argues that the repair-or-replace requirement constitutes a condition precedent that invalidates the limitations provision.

This argument does not persuade. First, it disregards the Loss Settlement provision's language limiting coverage of additional costs to those claimed within two years. Policy 35-36. This language appears to function not as a suit-limitations provision, but a substantive limit on the Policy's scope of coverage. By limiting the Policy's coverage to costs claimed within two years, this language aligns coverage with the limitations period and distinguishes this Policy from those contemplated in the cases on which Ms. Ciobanu relies. *Cf., e.g.*, *Exec. Plaza, LLC*, 22 N.Y.3d at 518 (invalidating limitations provision where a *covered* claim ripened only after limitations period expired).

Moreover, even if Loss Settlement provision did not limit coverage to costs claimed within two years, Ms. Ciobanu has not explained why the repair-or-replace condition could "[]not be met within that two-year period." *Exec. Plaza, LLC*, 22 N.Y.3d at 518. On its face, the Policy discloses no reason why it prevents the completion of repair or replacement within two years. *See* Policy. And Ms. Ciobanu's complaint contains no allegations concerning the status of any repairs, whether State Farm delayed their completion, and whether completing repairs within the two-year window

8

was actually impossible. *See* Compl. In fact, Ms. Ciobanu's only relevant allegation is that she "performed all of the conditions of the Policy on her part to be performed," an allegation that seems to suggest that Ms. Ciobanu *did* timely complete the repairs. *Id*. ¶ 10. Finally, to the extent that Ms. Ciobanu attributes delays in making repairs or replacement to State Farm's failure to timely pay the estimated costs, she has not explained why the Policy prevented her from suing State Farm within the limitations period to compel it to make those payments in a timely manner. *See* Pl.'s Mem. in Opp'n 9. The complaint thus fails to identify any condition precedent that prevented Ms. Ciobanu from complying with the limitations provision.

Ms. Ciobanu seeks to provide additional facts in support of her condition-precedent argument in an affidavit included with her opposition papers. *See* Aff. of Eleonora Ciobanu (Dkt. #12-1). "[S]upporting affidavits in opposition to a motion to dismiss cannot be used to cure a defective complaint," *Goodman v. Port Authority of N.Y. and N.J.*, 850 F.Supp.2d 363, 380 (S.D.N.Y. 2012) (quotations omitted), though, and "should not be considered when evaluating the sufficiency of the pleadings," *Bubble Genius LLC v. Smith*, 239 F. Supp. 3d 586, 599 (E.D.N.Y. 2017). Therefore, the Court disregards them.

Ms. Ciobanu's second argument, that equitable estoppel bars State Farm from asserting the contractual-limitations defense, fails for much the same reason. Pl.'s Mem. in Opp'n 9-10. To estop State Farm from asserting this defense, Ms. Ciobanu must show State Farm "induced [her] by fraud, misrepresentations or deception to refrain from filing a timely action." *Zumpano*, 6 N.Y.3d at 674 (N.Y. 2006). But Ms. Ciobanu identifies no "fraud, misrepresentations or deception" in her Complaint. *See* Compl. While she variously alleges that State Farm "failed and refuses to pay," *id*. ¶ 11, "refus[ed] to accept proof," *id*. ¶ 22, "delayed payment," *id*. ¶ 25, pressured her to settle, *id*. ¶ 34, and failed to conduct a "fair and reasonable" investigation, *id*.

9

¶¶ 27, 43, it is not clear how any of these actions are fraudulent or deceptive. To cure this deficiency, Ms. Ciobanu adds additional allegations in her opposition papers, arguing that State Farm deceived her into not filing a claim because it represents that her claim is still "open and active" and gave her partial payment. *See* Pl.'s Mem. in Opp'n 9-10. Regardless of their sufficiency, these representations come too late. Because "the Court must look to the allegations in the complaint, not to factual allegations made by a plaintiff in legal memoranda," *Piccolo v. Singleton*, No. 18-CV-1324 (SJF) (GRB), 2019 WL 4261735, at *5 (E.D.N.Y. Sept. 9, 2019), Ms. Ciobanu fails to plead equitable estoppel.

Finally, Ms. Ciobanu argues that the contractual limitations provision has not yet begun to run. Pl.'s Mem. in Opp'n 5-6. In making this argument, she relies on *Hirth v. Am. Ins. Co.*, No. 15-CV-3245 (GWG), 2016 WL 75420, at *5 (S.D.N.Y. Jan. 7, 2016). But *Hirth* is inapposite. In *Hirth*, the plaintiff sued for additional living expenses covered by his insurance policy. *Id*. at *2. Since he was still paying for temporary housing, the *Hirth* court determined that his loss was still "occurring" and so the limitations provision had not yet run. *Id*. *5-7. By contrast, Ms. Ciobanu has sued for "loss to [her] dwelling and all personal property," *see* Compl. ¶ 7, and the "occurrence" causing that property damage, the bursting pipes, took place nearly three years before she filed suit, *ibid*. Unless the pipes have been continually flooding her home for the past three years—and the Complaint does not allege that they have—*Hirth* does not apply.

Accordingly, Ms. Ciobanu's three contract claims are dismissed.

## II. Ms. Ciobanu Fails to State a Claim under General Business Law § 349

Ms. Ciobanu's next cause of action falls short for similar reasons. Section 349 of New York General Business Law prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." *See* N.Y. Gen. Bus. Law § 349. To state a claim under this section, Ms. Ciobanu "must allege that [State Farm] has engaged in (1)

consumer-oriented conduct that is (2) materially misleading and that (3) [she] suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (N.Y. 2012)). To be "materially misleading," the allegedly deceptive act or practice must involve "a representation or omission likely to mislead a reasonable consumer acting reasonably under the circumstances." *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 344 (N.Y. 1999) (quotations omitted). The inquiry is "objective," *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007), and a court may decide whether conduct is materially misleading as a matter of law, *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).

Ms. Ciobanu's Section 349 claim fails because she does not plausibly allege that State Farm engaged in any "representation or omission likely to mislead a reasonable consumer." *Gaidon*, 94 N.Y.2d at 344 (quotations omitted). While Ms. Ciobanu alleges that State Farm "undervalue[d] . . . replacement costs," Compl. ¶ 33, placed "economic pressure" on her to settle her claim, *id.* ¶¶ 34, 36, and compelled her to retain her own claims adjustor, *id.* ¶ 35, Ms. Ciobanu does not "allege why these acts were deceptive," *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 287 (E.D.N.Y. 2009) (citing *Benjaminov v. Republic Ins. Grp.*, 241 A.D.2d 473, 474 (N.Y. App. Div. 1997) (holding that an insurance company's failure to settle a claim is not, by itself, a "material deceptive act[]" (quotations omitted)). And "mere conclusory statements," *Iqbal*, 556 U.S. at 663, that this conduct was "deceptive" do not make it so, Compl. ¶¶ 33-35. As such, Ms. Ciobanu fails to state a viable claim under Section 349.

### III. The Negligence and Gross-Negligence Claims Are Dismissed with Prejudice

Finally, Ms. Ciobanu's negligence and gross-negligence claims fail because her allegations do not sound in tort law. While tort law vindicates the "range of legal duty which is due from every man to his fellow," contract claims enforce those obligations that would not exist but for the

contracting parties' agreement. *Rich v. N.Y. Cent. & H.R.R. Co.*, 87 N.Y. 382, 398 (N.Y. 1882). Thus, the law distinguishes between those duties that give rise to tort liability and the obligations that a contract imposes, and one may not substitute for another. *Ibid.*; *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 389 (N.Y. 1987) ("[A] simple breach of contract is not . . . considered a tort."). Therefore, to prevail on a tort claim where a breach of contract is alleged, a plaintiff must identify "[a] legal duty independent of the contract itself [that] has been violated." *Ibid*.

Ms. Ciobanu identifies no such independent duty. While Ms. Ciobanu alleges that State Farm owed her a duty to "investigate, evaluate, and [p]ay" for her loss, *id*. ¶ 43; *see id*. ¶¶ 38-49, the only source of these obligations that Ms. Ciobanu identifies is the insurance contract, *see id*. ¶ 5. Since these obligations would not be owed absent a contractual agreement, Ms. Ciobanu cannot bring claims in tort to enforce them. *OFSI Fund II, LLC v. Canadian Imperial Bank of Com.*, 82 A.D.3d 537, 539 (N.Y. App. Div. 2011); *Clark-Fitzpatrick, Inc.*, 70 N.Y.2d at 389 (A duty sustaining a negligence claim "must spring from circumstances extraneous to, and not constituting elements of, the contract."). Nor do allegations that State Farm negligently performed its contractual duties salvage her claim. In New York, "claims based on negligent or grossly negligent performance of a contract are not cognizable." *Hadami, S.A. v. Xerox Corp.*, 272 F. Supp. 3d 587, 601 (S.D.N.Y. 2017) (quoting *Pacnet Network Ltd. v. KDDI Corp.*, 78 A.D.3d 478, 479 (N.Y. App. Div. 2010)); *Zawahir v. Berkshire Life Ins. Co.*, 22 A.D.3d 841, 842 (N.Y. App. Div. 2005) ("'[T]here is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations' under an insurance contract." (quoting *Cont'l Cas. Co. v. Nationwide Indem. Co.*, 16 A.D.3d 353, 355 (N.Y. App. Div. 2005)). And while insurers may assume duties that can give rise to tort liability under certain circumstances, these circumstances are not present

here. *See Scottsdale Ins. Co. v. Indian Harbor Ins. Co.*, 994 F. Supp. 2d 438, 450 (S.D.N.Y. 2014) (an insurer assumes a duty to act in good faith when taking control of an insured party's defense in a lawsuit and deciding when to settle the litigation).

Accordingly, Ms. Ciobanu's negligence and gross-negligence claims are dismissed. And since repleading these claims would be futile, because "a simple breach of contract is not . . . considered a tort," *Clark-Fitzpatrick, Inc.*, 70 N.Y.2d at 389, the dismissal is with prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## CONCLUSION

State Farm's motion to dismiss is granted in full. Ms. Ciobanu's (i) breach-of-contract, (ii) consequential-losses, (ii) breach-of-covenant-of-good-faith, and (iv) Section-349 claims are dismissed without prejudice, and the (v) negligence and (vi) gross-negligence claims are dismissed with prejudice. Since the complaint is dismissed in its entirety, the Court does not reach State Farm's motion concerning punitive damages or attorney's fees.

If Ms. Ciobanu wishes to amend her pleadings, she shall file a motion within 30 days seeking leave to amend, with the proposed Amended Complaint attached as an exhibit. The motion should explain how the Amended Complaint addresses the pleading defects identified in this opinion. Otherwise, judgment shall be entered.

SO ORDERED.

                                                           /s/ Rachel Kovner
                                                           RACHEL P. KOVNER
                                                           United States District Judge

Dated:       March 24, 2022
               Brooklyn, New York